NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0001n.06

No. 08-5876

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 04, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES WESLEY COLLINS,

     Defendant-Appellant.

_____/

On appeal from the United States District Court for the Eastern District of Kentucky

BEFORE:    RYAN, COLE, and CLAY, Circuit Judges.

    RYAN, Circuit Judge.    The defendant, Charles Wesley Collins, appeals the district court's denial of his motion to suppress evidence of firearms recovered during a search of his residence. We conclude that the police officers conducting the search had a valid arrest warrant and, in addition, had probable cause to conduct the search that led to the recovery of the evidence. We conclude, therefore, that the motion to suppress was properly denied by the district court.

I.

    On August 30, 2007, Deputy Sheriff Mark Craycraft of the Clark County, Kentucky, Sheriff's Office received a warrant to arrest the defendant Collins. The warrant for Collins's arrest was a bench warrant, issued by a family court judge after Collins had been found in contempt of court for failing to comply with the court's order for a mental health evaluation.

The following was written at the bottom of the arrest warrant: "this person is mental and could be possible trouble – when attempting to serve take 3 deputies."

Craycraft and three other officers went to an address listed on the arrest warrant, a trailer rented by Tiffany Morefield, Collins's girlfriend. When Morefield answered the door, Craycraft told her that he had a warrant for Collins's arrest. At first, Morefield denied that Collins was in the trailer, but then admitted that he was sleeping in a back bedroom. Morefield offered to go get Collins, but Craycraft refused Morefield's offer and said, "we'll get him." There is a factual dispute as to whether, at that point, Morefield gave her consent to the officers' entry of the trailer. A witness, Kristi Walker, testified that Morefield expressly denied entry to the officers and attempted to close the door. However, in a later signed written statement and in her testimony presented to the grand jury, Morefield said that she permitted the officers to enter.

The officers entered the trailer, went to the back bedroom, and found Collins sleeping on a bed. The officers arrested and handcuffed him, and then noticed two rifles on a gun rack in the bedroom. They seized the weapons, took Collins into custody, and returned to the police station. Five days later, Morefield delivered to the police another handgun that belonged to Collins. All of the firearms were to be introduced into evidence in Collins's prosecution.

Collins was charged with two counts of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and two counts of possession of a firearm by a person subject to a domestic violence order, in violation of 18 U.S.C. § 922(g)(8). The latter two counts were subsequently dismissed by the district court.

On April 4, 2008, Collins filed a pre-trial motion to suppress the seized weapons. At the hearing on the motion, Morefield asserted her Fifth Amendment right against self-incrimination and refused to testify.

At the conclusion of the hearing, in an opinion from the bench, the district judge denied the motion to suppress. In his decision, the judge credited the testimony of Deputy Craycraft, finding it was corroborated by Morefield's written statement and grand jury testimony. The judge then stated the following:

> [A]ssuming that Ms. Morefield had not invited the officers into the house, there was [sic] still exigent circumstances here which would require a reasonable officer to want to initiate the arrest rather than having the defendant presented to them, where the defendant would have the opportunity to arm himself, or whatever.
>
> There was a potential for real problems there. Had the officers allowed Ms. Morefield to go back and bring Mr. – – bring the defendant out, then the officers would have been derelict in their duty, I believe. And certainly, the actions the officers took on the morning when Mr. Collins was arrested were appropriate, reasonable, and responsible.

So the motion of the defendant to suppress will be denied.

On April 8, 2008, Collins entered a conditional guilty plea to one count of the indictment—being a felon in possession of a firearm—preserving the right to appeal the denial of his motion to suppress. The district court accepted the conditional guilty plea and sentenced Collins to a year and one day in prison. Collins now appeals the court's decision to deny the motion to suppress.

## II.

When reviewing a district court's decision on a motion to suppress, we review findings of fact for clear error and conclusions of law de novo. United States v. Dillard, 438

F.3d 675, 680 (6th Cir. 2006).  When the district court denies a defendant's motion to suppress, the evidence is reviewed in the light most favorable to the government.  United States v. Torres-Ramos, 536 F.3d 542, 549 (6th Cir. 2008), cert. denied, 129 S. Ct. 772 (2008), and cert. denied, 129 S. Ct. 2020 (2009).  "'[A] denial of a motion to suppress will be affirmed on appeal if the district court's conclusion can be justified for any reason.'" United States v. Hardin, 539 F.3d 404, 417 (6th Cir. 2008) (quoting United States v. Pasquarille, 20 F.3d 682, 685 (6th Cir. 1994)).

### III.

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures.  U.S. Const. amend. IV.  Law enforcement officers have the authority to enter a residence in order to execute an arrest warrant if there is probable cause to believe that the suspect is inside.  Hardin, 539 F.3d at 410 (citing Payton v. New York, 445 U.S. 573, 603 (1980)).

### A.

Collins first challenges the validity of the arrest warrant.  He argues that the warrant was not for the commission of a felony, but rather a bench warrant issued for misdemeanor contempt of court.  Collins also suggests that the family court judge who issued the warrant did not have the authority to do so because the domestic relations case had previously been dismissed.  We think both of these arguments are without merit.

There is no legal support we know of, and Collins cites none, for the proposition that a bench warrant issued for contempt of court is fundamentally different, under the Fourth Amendment, than an arrest warrant for a felony, or that police officers lack authority to

enter a residence in order to execute a bench warrant issued for a misdemeanor. And our attention is not invited to any authority for the contention that a family court judge is without authority to issue a bench warrant. Accordingly, we conclude that the officers had a valid warrant for Collins's arrest.

**B.**

Collins also challenges the officers' authority to enter the trailer. He concedes that law enforcement officials have authority to enter a dwelling in order to execute an arrest warrant if they have probable cause to believe that a suspect is inside. Hardin, 539 F.3d at 410 (citing Payton, 445 U.S. at 603). But Collins argues that the officers exceeded their authority because, given Morefield's offer to bring Collins to the officers, it was unreasonable and unnecessary for them to enter the residence, and that doing so was a violation of Collins's rights under the Fourth Amendment. Not surprisingly, Collins has presented no authority for his novel theory that the officers could enter the trailer if Morefield had refused them entry, but could not enter if Morefield offered to get Collins from the bedroom herself. Collins concedes in his reply brief that his theory appears to present a case of "first impression."

We are satisfied that it is well-established that law enforcement officials have authority to enter a residence in order to execute an arrest warrant if there is probable cause to believe the person named in the warrant is inside. Hardin, 539 F.3d at 410. Deputy Craycraft had a valid arrest warrant naming the defendant Collins and, given Morefield's assurance that Collins was in the trailer, the officers had authority to enter the trailer in order to execute the warrant.

## IV.

In ruling on the motion to suppress, the district court, perhaps in an abundance of caution, apparently did not consider whether the officers lawfully entered Morefield's trailer solely because they had a presumptively valid warrant for Collins's arrest and probable cause to believe Collins was inside.  Instead, the district court held that the officers had obtained consent and that there were exigent circumstances for the entry, which are two exceptions to the prohibition against <u>warrantless</u> entries.  But this was not a case of a warrantless entry; it was one made pursuant to an arrest warrant, supported by probable cause to believe that Collins was inside the trailer.

We may affirm a district court's denial of a motion to suppress for any proper reason, including one not considered by the district court.  <u>Hardin</u>, 539 F.3d at 417.  Accordingly, for the reasons we have explained, we find that the district court correctly denied Collins's motion to suppress.

## V.

We **AFFIRM** the district court's order.